ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO CIDREÑA<br><br>APELANTE<br><br>V.<br><br>TATIANY J. SOSTO AMARO<br><br>APELADA | KLAN202400355 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. CD2024CV00079<br><br>Sala:702<br><br>Sobre:<br><br>COBRO DE DINERO ORDINARIO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece, Cooperativa de Ahorro y Crédito Cidreña (en lo sucesivo "la parte apelante"). Ello, mediante el recurso de apelación de epígrafe. Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 1 de abril de 2024 y notificada el 2 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la referida determinación, el tribunal de instancia desestimó la "*Demanda*" presentada contra Tatiany J. Sosto Amaro (en adelante, "la apelada"). Ello, bajo el fundamento de que dicha "*Demanda*" debía ser radicada de conformidad con dispuesto en la Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60.

Por los fundamentos que expondremos, *revocamos* la determinación recurrida.

**I.**

El 22 de marzo de 2024, la parte apelante, presentó la "*Demanda*" de epígrafe. En esencia alegó, que el 8 de abril de 2024, perfeccionó

junto a la apelada un contrato de préstamo. Adujo, que como parte del aludido acuerdo le entregó a la apelada la cantidad de $7,154.00. Según expresó, la apelada se comprometió a pagar dicha cantidad a través de un pagaré que suscribió a su favor. Así las cosas, arguyó que la apelada dejó de efectuar los pagos mensuales estipulados. Consecuentemente, incumplió con el pago de la referida relación contractual. Por lo cual, según alegó, la apelada adeudada una cantidad vencida, líquida y exigible de $5,887.29. Expresó, que la aludida cantidad se desglosaba en lo siguiente: una suma de $5,500.52 en concepto de principal; y una cantidad de $386.77 en concepto de intereses y recargos acumulados hasta la fecha del 27 de febrero de 2024. Añadió, que dichos intereses continuaban acumulándose a razón de un 13.95% anual. También agregó que los recargos incrementaban a razón de un cinco por ciento (5%) por cada pago mensual vencido y no satisfecho. En virtud de ello, suplicó al foro sentenciador que la apelada le pagara lo adeudado; peticionó $1,100.10 en concepto de costas, gastos y honorarios de abogado; y solicitó que el pleito fuera dilucidado por la vía ordinaria.

En reacción, el 2 de abril de 2024, el foro sentenciador notificó una "*Sentencia.*" Mediante esta, desestimó la "*Demanda*" presentada, bajo el fundamento de que esta debía ser radicada de conformidad con dispuesto en la Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60. En desacuerdo, el 4 de abril de 2024, la parte apelante presentó una "*Moción en solicitud de reconsideración de sentencia desestimando la demanda.*" Acto seguido, el 10 de abril de 2024, presentó un escrito intitulado "*Moción informando el retiro del escrito presentado en el encasillado 4 del expediente judicial, para proceder con el trámite de apelación.*" Mediante este, retiro oportunamente la moción de reconsideración presentada. Así pues, el 10 de abril de 2024, la parte apelante, presentó ante nos un "*recurso de apelación.*" Por medio de este, esbozó los siguientes señalamientos de error:

**PRIMER SEÑALAMIENTO DE ERROR: Erró el TPI al no aceptar la voluntad de la Parte Demandante, según le**

**provee y faculta la Regla 60 de Procedimiento Civil de presentar la reclamación de cobro de dinero mediante el procedimiento ordinario.**

**SEGUNDO SEÑALAMIENTO DE ERROR: Erró el TPI al desestimar la demanda por esta haber sido presentada mediante el Procedimiento de Cobro Ordinario y no al amparo de la Regla 60 de Procedimiento Civil, como ordenó, aun cuando la propia Regla 60 establece que la Parte Demandante tiene la facultad para solicitar que se tramite su caso bajo el procedimiento ordinario**.

## II.

### A. Desestimación de un pleito:

El Tribunal Supremo de Puerto Rico ha enfatizado que es preciso tener presente, como principio rector, que las Reglas de Procedimiento Civil no tienen vida propia y solo existen para viabilizar la consecución del derecho sustantivo de las partes litigantes. *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 816 (1986). En virtud de ello, los tribunales deberán hacer un balance equitativo entre los intereses en conflicto, ejerciendo especial cuidado al interpretar las reglas procesales para que estas garanticen una solución justa, rápida y económica de las controversias. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Dávila v. Hosp. San Miguel, Inc.*, supra.

Cónsono con tales principios, el Tribunal Supremo ha favorecido enfáticamente que los casos se ventilen en los méritos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65 (2023). *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 221; *Rivera et al. v. Superior Pkg., Inc.*, 132 DPR 115, 124 (1992). Así, pues, ha reiterado que la desestimación de un caso como sanción debe prevalecer únicamente en situaciones extremas, en las que haya quedado demostrado, de manera clara e inequívoca, la desatención y el abandono total de la parte con interés. Y ello, luego de que la imposición de otras sanciones haya probado ser ineficaz en el orden de administrar justicia y, en todo caso, no deberá procederse a ella sin un previo apercibimiento. *Mun. de Arecibo v. Almac. Yakima*, supra, pág.

222; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829-830 (1962).

La Regla 39.2 (a) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R. 39.2 (a), acogió los principios esbozados por el Tribunal Supremo de Puerto Rico, por lo que dispone como sigue:

(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, **la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis nuestro).

[…]

Así pues, "antes de ordenar la desestimación del pleito o la eliminación de las alegaciones, el tribunal tiene que ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, [*supra.]*" *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros,* 2023 TSPR 110. A tales efectos, si la parte apercibida sobre un incumplimiento no toma una acción correctiva, el tribunal se encontrará en posición para imponer la sanción correspondiente. *Íd.* Estas salvaguardas procesales se han adoptado en nuestro ordenamiento jurídico, para evitar que la desestimación del pleito sea un remedio que se tome en primera instancia. Toda vez que, esta implica la muerte procesal del pleito. *Íd.*

**B. Reclamaciones en cobro de dinero al amparo de la Regla 60 de las Reglas de Procedimiento Civil, *supra*.**

En los casos sobre cobro de dinero, existen algunas circunstancias en las que el promovente de una reclamación tiene la facultad de decidir si presenta esta por la vía ordinaria o sumaria. A esos efectos, la Regla 60 de las Reglas de Procedimiento Civil, *supra*, dispone, en lo atinente, lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, **y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario**, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado. (Énfasis Suplido).

[…]

El propósito cardinal de la Regla 60 de Procedimiento Civil, *supra*, estriba en conseguir la agilización y simplificación de los procedimientos "en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Cooperativa v. Hernández Hernández,* 205 DPR 624, 631 (2020). De esta manera, un demandante puede someter su reclamación a través de un proceso sumario. En dicho proceso, contrario al trámite ordinario, las Reglas de Procedimiento Civil aplican de manera supletoria. *RMCA v. Mayol Bianchi*, 208 DPR 100, 107 (2021). Al ser así, "el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, *las* reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". *Íd,* pág. 108.

De otra parte, además de la facultad inicial que tiene un demandante de solicitar que una reclamación en cobro de dinero, cuya cuantía no exceda los $15,000, sea ventilada por la vía ordinaria, ambas partes pueden peticionar que una reclamación que haya comenzado por

la vía sumaria pueda dilucidarse por la vía ordinaria. Cónsono con ello, la Regla 60 de las Reglas de Procedimiento Civil, *supra*, establece en lo pertinente lo siguiente:

> Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario. Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

Conforme la normativa esbozada, nuestro ordenamiento procesal civil provee varias instancias en las que un pleito puede dilucidarse por la vía ordinaria. Estas se pueden resumir en las siguientes: (1) cuando la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo, y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. *Cooperativa v. Hernández Hernández,* supra*,* pág. 637-638.

### III.

En esencia, la parte apelante plantea que incidió el foro sentenciador al desestimar la "*Demanda*" presentada, cuando esta fue radicada según lo dispuesto en la Regla 60 de las Reglas de Procedimiento Civil, *supra*. Le asiste la razón. Veamos.

De entrada, conforme fue esbozado nuestro ordenamiento jurídico permite que los casos de cobro de dinero cuya cuantía no exceda los $15,000, puedan ser ventilados por la vía ordinaria. Esto, es permisible en dos (2) etapas del procedimiento judicial. La primera, mediante una petición efectuada por la parte demandante al presentar su reclamación; y la segunda, durante el transcurso del pleito. Ello, a instancia de parte o

del propio tribunal. En el caso ante nuestra consideración, la parte apelante, expuso debidamente en la "*Demanda*" una petición a los fines de que el pleito fuera ventilado bajo el procedimiento ordinario. Dicha acción cumple cabalmente con los requerimientos de la Regla 60 de Procedimiento Civil, *supra*. Por lo cual, la referida solicitud impedía por sí sola que se desestimara automáticamente la "*Demanda*" presentada.

De otra parte, es preciso destacar que nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos, y que la ciudadanía tenga acceso al foro judicial. A tenor de ello, según fue expuesto, la desestimación es una acción que debe ser tomada como último recurso. Antes de dictarse una sentencia desestimatoria, el tribunal, debe apercibir sobre la existencia de algún incumplimiento y las consecuencias que acarrearía su falta de corrección. Ello, no sucedió en el presente caso, dado que, el foro sentenciador optó en primera instancia por desestimar la reclamación incoada. Por tanto, es forzoso concluir que dicho foro erró al dictar una "*Sentencia*" desestimatoria. Esto, por la razón de que dejó de cumplir con el orden de prelación que se concibe previo al dictamen de desestimación, y por no existir algún incumplimiento de la parte apelante con lo dispuesto en la Regla 60 de las Reglas de Procedimiento Civil, *supra.*

**IV.**

Por los fundamentos expuestos, *revocamos* la determinación recurrida. Consecuentemente, devolvemos el caso para la continuación de los procedimientos de conformidad a lo aquí dictaminado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones